[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16801
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60117-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANZ P. CANNET,
a.k.a. Chico,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Franz P. Cannet was charged with multiple drug and firearms offenses after he assisted an undercover agent with three drug transactions. Cannet served as a bodyguard for the agent during the transactions. At trial, Cannet unsuccessfully raised an entrapment defense; the jury found him guilty of conspiracy with intent to distribute five kilograms or more of cocaine, three counts of attempt to possess with intent to distribute cocaine, conspiracy to use a firearm during a drug-trafficking crime, and use of a firearm. The district court sentenced him to 180 months' imprisonment. This is Cannet's appeal.

Cannet argues that (1) the trial evidence was insufficient to support his convictions, (2) the district court erred in denying his motion for mistrial, (3) the district court provided an improper supplemental jury instruction, and (4) the district court violated *Apprendi v. New Jersey*[1] in sentencing him. After carefully considering these arguments, we find no reversible error. Therefore, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Cannet asserts that, in light of his entrapment defense, the trial evidence was insufficient to support his convictions. "The entrapment defense involves two separate elements: (1) [g]overnment inducement of the crime, and (2) lack of predisposition on the part of the defendant." *United States v. Isnadin*, 742 F.3d 1278, 1297 (11th Cir. 2014) (emphasis omitted). "The defendant bears an initial

---

[1] 530 U.S. 466, 120 S. Ct. 2348 (2000).

2

burden of production to show that the first element . . . is met." *Id.* (emphasis omitted).  "Once the defendant makes this initial showing, the burden shifts to the [g]overnment to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." *Id.*  Cannet contends that, although he made an initial showing of inducement, the government failed to prove that he was predisposed to commit his offenses.  But taking the trial evidence "in the light most favorable to the [g]overnment," the evidence was sufficient to establish that Cannet was predisposed to commit the offenses. *See id.* at 1303.

First, the evidence indicates that Cannet readily agreed to serve as a bodyguard for the undercover agent during drug transactions. *See id.* at 1298 ("Predisposition may be demonstrated simply by a defendant's ready commission of the charged crime." (quoting *United States v. Brown*, 43 F.3d 618, 625 (11th Cir. 1995)).  When Cannet and the agent first discussed Cannet serving as a bodyguard, the agent informed Cannet that drugs would be involved, and according to testimony from the agent, Cannet responded:  "I don't need to know what we are taking, I am here to bodyguard you."  Cannet also quoted a price for his services.

Second, Cannet had ample opportunity to back out of his arrangement with the undercover agent, but he failed to do so. *See id.* ("A predisposition finding is also supported by evidence that the defendant was given opportunities to back out

3

of illegal transactions but failed to do so."  (quoting *Brown*, 43 F.3d at 625).  After Cannet's initial discussion with the agent, a few months went by before Cannet actually served as a bodyguard for a drug transaction.  And before that transaction, the agent attempted to renegotiate Cannet's payment, thus providing Cannet a chance to back out.  However, Cannet decided to proceed—he agreed to work for less pay.

Finally, the government offered evidence showing that Cannet, throughout his interactions with the undercover agent, made statements underscoring his willingness to assist the agent in drug transactions.  *See id.* ("Post-crime statements will support a jury's rejection of an entrapment defense."  (quoting *Brown*, 43 F.3d at 625).  Cannet, for example, told the agent that he knew individuals who would buy drugs from the agent.

## II. MOTION FOR MISTRIAL

Cannet next argues that the district court erred in denying his motion for mistrial.  He moved for mistrial after the undercover agent testified that he shoplifted once while he was with the agent.  That testimony, Cannet contended, was "gratuitous, unnecessary, and unsubstantiated."  Cannet reiterates this argument on appeal.  But even assuming that the testimony was improper, reversal is not warranted because the testimony did not "prejudicially affect[]" Cannet's "substantial rights."  *See United States v. Newsome*, 475 F.3d 1221, 1227

4

(11th Cir. 2007) (per curiam).  Cannet asserts that the testimony prejudiced him because it suggested that he is predisposed to criminal activity.  However, "the record contains sufficient independent evidence" establishing Cannet's predisposition.  *See id.* ("[W]hen the record contains sufficient independent evidence of guilt, any error was harmless.").

## III. JURY INSTRUCTIONS

Cannet also argues that the district court erred because it provided an improper supplemental jury instruction.  This challenge fails, however, because the supplemental jury instruction neither inaccurately presented the law nor improperly guided the jury in a substantial way.  *See Isnadin*, 742 F.3d at 1296 ("We will not reverse a conviction on the basis of a [supplemental jury instruction] unless the issues of law were presented inaccurately, or the [instruction] improperly guided the jury in such a substantial way as to violate due process." (internal quotation marks omitted)).  The jury asked the district court:  "If we think [Cannet] was possibly a victim of entrapment [when he served as a bodyguard during the first drug transaction,] does it negate everything else that came after?"  And the court responded:  "The defense of entrapment has been raised as to each count in the indictment.  As indicated in the jury instructions, you should evaluate each count independently."  That instruction accurately presented the law.  *See id.* at 1297 (finding no error where the district court "instructed [the jury] to consider the

5

defense of entrapment separately and individually as to each defendant and each count charged in the indictment"). Further, when we review the instruction "as part of the entire jury charge [and] in light of the . . . evidence presented," the instruction did not improperly guide the jury in a substantial way. *See id.* at 1296.

## IV. *APPRENDI* CHALLENGE

Lastly, Cannet argues that the district court violated *Apprendi* because, in determining his advisory Sentencing Guidelines range, the court relied on facts that it, rather than the jury, found. We disagree. *Apprendi* is implicated only when a defendant is sentenced above the statutory maximum. *See United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) ("[The defendant] was not sentenced beyond the statutory maximum, so there is no *Apprendi* error."). And the district court sentenced Cannet below the statutory maximum.

## V. CONCLUSION

In sum, the trial evidence was sufficient to support Cannet's convictions, the district court did not err in denying Cannet's motion for mistrial, the district court did not commit reversible error in providing the supplemental jury instruction, and the district court did not violate *Apprendi* in sentencing Cannet.

**AFFIRMED.**

6